**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**ELLIOTT CULP**                                                                                       **PETITIONER**

**V.**                                             **CIVIL ACTION NO. 3:07-cv-300 HTW-LRA**

**CHRISTOPHER EPPS**                                                      **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes on pursuant to the Report and Recommendation of United States Magistrate Judge Linda R. Anderson. The petitioner, Elliott Culp, has filed a written objection to the proposed findings and recommendation.

Relative to his claim of Grand Jury bias, petitioner points to the affidavit of Berry Mitchell, supposedly to show that Mitchell, the Grand Jury Foreman, was appointed by the District Attorney. Petitioner argues that this circumstance shows bias and fraud. Petitioner also says that fraud occurred because Mitchell was not administered an oath by the Circuit Judge, or any other person.

Petitioner raised the issue at his trial of improper influence on the Grand Jury. Petitioner called eight (8) witnesses on this objection, one of whom was Berry Mitchell. The trial court, as did the Mississippi Supreme Court, found nothing in the conduct of the Grand Jurors to warrant a finding of bias or fraud. The Mississippi Supreme Court stated:

> Culp asked members of the grand jury whether anything influenced them in their decision and they said only the evidence presented influenced their votes.

*Culp*, 933 So.2d 264, 282, *reh'g denied* March 16, 2006 (Miss. 2005).

Under Mississippi law, an indictment is defective only where the petitioner shows "evidence that a member of the jury acted with malice, hatred, or ill will, or fraud [. . . ]." *Southward v. State*, 293 So.2d 343, 344 (Miss. 1974).  Culp has failed to meet that standard.

Then, Culp attacks the Magistrate Judge's conclusion that Culp's trial attorney was not ineffective because he had failed to obtain the testimony of Napolean Landfair on the matter of Grand Jury bias.  Petitioner Culp complains that the Magistrate Judge ignored the particulars of Landfair's affidavit because the Magistrate Judge stated that Culp had failed to specify what testimony Landfair would have provided.

This court has examined that affidavit and finds nothing therein to support Culp's petition for habeas corpus.  Landfair identifies himself as a "duly selected member of the 20 member grand jury which returned the March 20, 2000, 13 count indictment against Elliott Culp and Travis Lowe; that he [Landfair] had voted for a no bill; that Dawn Bartwell, the wife of the prosecuting attorney for Holmes County, was the secretary of the grand jury and 'did most of the talking during the grand jury closed session proceedings'; that Berry Mitchell, appointed by the prosecutor as forewoman of the grand jury, did vote and various members of the grand jury were fully aware that Mitchell was an employee of the local Durant, Mississippi City Police Department which had participated in the arrest of Culp and Lowe; and that after presentation of the information to the grand jury, the jury members were not allowed any time to talk and discuss."

This affidavit adds nothing to the points already raised.  The affidavit does not sufficiently demonstrate grand juror bias in returning an indictment against Culp or that

2

they violated their oaths. *Southward v. State*, 293 So.2d 343, 344 (Miss. 1974)(court refused to quash indictment even though relatives of the prosecuting witness were members of the grand jury).

Culp criticizes other aspects of the Magistrate Judge's conclusions. This court, satisfied that the Magistrate Judge's Opinion adequately addresses those matters, sees no need to elaborate further. Based upon the evidence discussed and jurisprudence provided in the Report and Recommendation of the United States Magistrate Judge, this court, having given full consideration to the aforesaid objection, finds the same not well taken. The Report and Recommendation of the United States Magistrate Judge is hereby adopted as the order of this court.

SO ORDERED, this the 9th day of May, 2011.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

Civil Action No. 3:07-cv-300 HTW-LRA
Order Adopting Report and Recommendation

3